IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE: )
) Chapter 11
JODENE AUDREY PUFF, )
) Bankruptcy No. 10-01877
Debtor. )


**ORDER DENYING MOTION FOR RELIEF FROM STAY AND
ORDERING COUNSEL FOR MOVANT TO SHOW CAUSE FOR
FAILURE TO ATTEND FINAL HEARING ON MOTION FOR STAY**

This Court held final hearing on the Motion of JP Morgan Chase Bank, N.A. for Relief from the Automatic Stay under 11 U.S.C. § 362(d).  Debtor, Jodene Puff, and her counsel, Jerrold Wanek, appeared at the hearing.  No one appeared for JP Morgan Chase Bank, N.A..  After hearing argument and taking evidence from Debtor, the Court took the matter under advisement primarily to determine how to handle the failure of JP Morgan Chase Bank, N.A. to appear.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

**FACTUAL AND PROCEDURAL BACKGROUND**

JP Morgan Chase Bank, N.A. (Chase) moved for relief from the automatic stay on April 23, 2011.  Debtor timely and properly resisted the Motion.  The Court held the preliminary hearing on May 13, 2011.  At the preliminary hearing, Chase made several arguments in support of its Motion for Relief from the Automatic Stay.  It first argued that the property at issue was Debtor's primary residence and thus, Chase's secured interest/mortgage could not be modified.  It further argued that no adequate protection had been offered to Chase.  It also argued that there was no equity in the property even under the appraisals Debtor had received.  Chase finally

argued that the property was not necessary for an effective reorganization because Debtor's Plan of Reorganization and supporting Disclosure Statement indicated that the property would be abandoned. Chase attached exhibits to its Motion. The exhibits consisted of the mortgage, note, and references to some e-mails between counsels for the parties regarding the issue of whether the property was Debtor's residence.

Debtor responded with several arguments. First, Debtor pointed out that the primary counsel to date, Robert Gainer, had left Mr. Wanek's firm. Debtor indicated that there would be a review of all material including the plan moving forward. Debtor then argued that the property was not her residence or homestead and that the mortgage/security agreement could be modified in support of Debtor's Chapter 11 Plan. Debtor noted that there had been a change in circumstances regarding the property and that she now had a paying tenant for the property. Debtor also pointed out that she intended to amend the Plan and Disclosure Statement to show that she would not abandon the property and would be using it as part of her Chapter 11 reorganization.

The Court inquired about how this piece of property affected other property that was the subject of an evidentiary hearing on issues about valuation and sufficient disclosure for purposes for approving the Disclosure Statement. The Court also has this matter under advisement and inquired as to the effect of that evidence on this matter and of how this Court's ruling would interface with the valuation arguments. Counsel for Chase indicated that it had referred the Court to some of the appraisals and documentation from the valuation hearing related to this property. Counsel for Debtor indicated that a new Modified Plan and Disclosure Statement would be filed and may affect the Court's consideration and/or ruling those issues.

Chase responded to Debtor's arguments. It noted that previous counsel had exchanged e-mails with counsel for Chase indicating that the property that was the subject of Chase's Motion for Relief from Stay was Debtor's primary residence and/or homestead. Chase argued that Debtor should not be able to now change representations she made through counsel. Chase also noted how "in the old days" courts would not have tolerated this type of repeated modification of a Chapter 11 plan proposed by Debtor's counsel. When the Court asked for an explanation of what counsel for Chase meant by that statement, counsel indicated that, in the past, the United States Trustee had taken a more active role in weeding out Chapter 11 cases where no one supported the plan of reorganization. Chase argued that this was such a plan.

The Court set the stay matter for final hearing. The Court found that Debtor had shown at least a reasonable likelihood of success on the issues. The Court noted that there were factual issues introduced by Debtor's counsel which would go to the final resolution of this issue.

Neither party filed any documents with the Court between the preliminary hearing and the day of the final hearing. Debtor did not file a modified plan and/or disclosure statement. Neither party filed any documentation noting service of witness nor exhibit lists on the other party.

The final hearing was set for June 8, 2011 to begin at 2:00 p.m. in Cedar Rapids, Iowa. On the morning of June 8, 2011 at 11:15 a.m., Chase filed a "Statement in Connection with Final Hearing on Motion for Relief from Automatic Stay". In that "Statement", counsel for Chase stated that he "respectfully submits the following **in lieu of its personal appearance** at the final hearing on the Motion for Relief from Stay scheduled for June 8, 2011 at 2:0010 p.m. . . ." The Statement went on to note that "Movant is relying on the following described exhibits as compliance with [Local Rules cited by Chase]". It specifically listed references to docket

3

numbers of documents filed in the Court's electronic filing system. Counsel for Chase further asserted that Debtor has failed to timely object to the introduction of Movant's exhibits and, therefore they should be considered to have entered into evidence pursuant to Local Rule 9070-1. The document then states:

> 2. Chase is standing on the evidence proven by the admitted exhibits referenced above, does not intend to examine any witnesses or offer any other exhibits, and therefore pursuant to Local Rule 9074-1, hereby offers to be available by telephone should the Court desire any further argument on behalf of Chase.

The document also argues the following:

> 3. Debtor has not complied with Local Rule 4001-1(c)(1), (2) and (3) (See DN 123) and therefore should be barred at the final hearing from presenting only evidence at the final hearing of the type described in that local rule.

The filing concludes with a request for relief that states:

> Chase prays that the Court consider the documentary evidence deemed admitted pursuant to the operation of Local Rule 9070-1, and taking judicial notice of the matters of record in this case, and on that basis grant to Chase the relief sought in its Motion for Relief, the same being sufficient to sustain the Motion without any further submission of evidence on behalf of Chase at the final hearing scheduled on the Motion.

Counsel for Chase had made a call to the Courtroom Deputy indicating Chase's intent to file the Statement shortly before it was filed. There was no other communication from or materials submitted on behalf of Chase.

The Court held the hearing beginning at 2:00 p.m. on June 8, 2011. Jodene Puff and her counsel appeared personally. The Court recited the fact that it had received and made aware of the "Statement in Connection with Final Hearing on Motion for Relief from Automatic Stay" filed by Chase. The Court understood from that Statement that Chase would not be appearing through

4

its counsel or anyone else.  Debtor's counsel, Jerrold Wanek, entered his appearance and identified his client as appearing.  The Court then asked if Mr. Wanek or his client had been made aware of the filing by counsel for Chase.  Mr. Wanek indicated that he had just received it when he arrived at Court.  The Court then asked for his response.  He argued that the Statement could not be evidence, the Court could not consider the contents, and thus, Chase had failed its burden entirely.  Mr. Wanek argued that he did not need to present any evidence.  He noted that he had his client present with him and she was prepared to testify on the issues but reiterated that he did not believe it was necessary to put her on the witness stand because Chase had failed its burden.

    The Court then further inquired about whether Mr. Wanek had received a witness list or a formal set of marked proposed exhibits from counsel for Chase.  Mr. Wanek indicated that he had not.  The Court also inquired about whether Mr. Wanek knew that this would be Chase's approach to litigation.  Mr. Wanek noted that he was surprised by the filing because he had spoken with counsel for Chase that morning and the issue had not been discussed.  He noted that he had called counsel for Chase because he had made an offer of "adequate protection" on behalf of his client Chase.  He said he had received no response and was following up with counsel for Chase.  He also suggested that because both he and counsel for Chase had their offices in Des Moines, approximately two hours from the hearing site at the Cedar Rapids Court Room, that maybe they would want to get the hearing continued so Chase had an opportunity to provide its response to the offer of "adequate protection".  According to Mr. Wanek, he was told by counsel for Chase that he did not have authority to agree to a continuance.  That is all he recounted to the Court.

  Counsel for Debtor did not ask for sanctions or costs. The Court suggested that counsel could go ahead on testimony since his witness was there. Ms. Puff took the stand and testified. She testified that the property at issue and the Motion for Relief from Stay was her residence/homestead previously. She pointed out that she had built a newer and bigger home, which was the subject of much testimony in the valuation proceeding, that she now occupied as both her primary residence/homestead. She noted that her old residence, that is the subject of this Motion for Relief from Stay, had recently been rented. She testified that she will now be receiving $700 of rent per month. She also indicated that she had authorized Mr. Wanek to communicate to Chase that she would be offering $700 per month for adequate protection. She then reiterated what her counsel had said at the preliminary hearing – that she was going to amend her plan of reorganization to keep the former residence as it was property that made her reorganization more feasible. She noted in particular that it would provide better access to and use of the facilities for the hog operation that were involved in her current plan of reorganization. The property at issue here sits on the driveway and access point to some of those other properties and would facilitate the operation she proposed in her reorganization plan.

  Debtor, through her counsel, offered three exhibits which were received without objection. Exhibit 1 was an application for homestead tax credit that showed that the new property, not the old property, was the property she declared to be a part of her homestead and primary residence for tax purposes. She also offered an aerial photo of the property at issue in the Motion for Relief from Stay and its relationship to, and fundamental incorporation in, the other parts of the hog operation in her plan. She also offered an appraisal she had on the property at issue in the Motion for Relief from Stay.

After she completed her testimony and the exhibits were received, the Court questioned counsel for Debtor. The Court first inquired why no Amended Plan and Disclosure Statement had been filed since the preliminary hearing. Counsel for Ms. Puff indicated that he was waiting on the Court's ruling on the valuation issues that were part of the Disclosure Statement hearing and the adequacy of information issues raised. The Court then responded that it had been awaiting the filing of the Amended Disclosure Statement mentioned in the preliminary stay hearing to determine its affect, if any, on the issues before the Court relating to valuation and sufficiency of disclosure statement. Counsel for Ms. Puff indicated that they would file the Amended Plan and Disclosure Statement by early next week. He further indicated that the Amended Disclosure Statement would be modified to attempt to cure the problems raised by the other creditors so the case could move forward. The Court noted that it would withhold ruling until that Amended Disclosure Statement had been filed, if filed within the next week. The Court then took the Motion for Relief from Stay under advisement but noted primarily to determine how to handle the attempted admission of evidence without an appearance by Chase.

**CONCLUSIONS OF LAW AND ANALYSIS**

Chase moved for relief from stay under 11 U.S.C. § 362(d)(1) & (2). The Court set the matter for final hearing. In addressing these Code sections, this Court has stated:

> The Court may grant a creditor relief from the automatic stay 1) "for cause, including the lack of adequate protection" of the creditor's interest in property, or 2) if the debtor has no equity in the property and it is not necessary for a successful reorganization. 11 U.S.C. §362(d)(1, 2). Cause under § 362(d)(1) has been defined as "any reason whereby a creditor is receiving less than [its] bargain from a debtor and is without a remedy because of the bankruptcy proceeding."

7

In re Timmer, 423 B.R. 870, 874 (Bankr. N.D. Iowa 2010) (emphasis added) (citing In re Martens, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005).

Under § 362(d)(1), "The moving party has the burden to show that 'cause' exists to lift the stay, after which the burden shifts to the debtor to demonstrate why the stay should remain in place." Id. Stated another way, "The party seeking relief from the automatic stay is required to establish a prima facie case of cause for relief." Minn-Kota Farm Agency, Inc. v. Home Fed. Sav. & Loan Ass'n, 978 F.2d 1264 (8th Cir. 1992).

> A prima facie case may be established by showing the debtor lacks equity in the property, the value of the property is declining, the property is not adequately maintained, property taxes are not being paid, insurance coverage is inadequate, or other facts evidencing a lack of adequate protection.
>
> If the creditor establishes a prima facie case, the burden shifts to the debtor to prove adequate protection.

Id. (citations omitted).

"Under § 362(d)(2), the moving party has the burden to prove the debtors have no equity in the property." Timmer, 423 B.R. at 874 (citing In re Carroll's Wine Co., 332 B.R. 874, 875 (Bankr. N.D. Iowa 2005). See also In re Bowman, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000). "The burden shifts to debtors to show the property is essential for an effective reorganization." Id.; United Savs. Ass'n v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 375 (1988). See also Bowman, 253 B.R. at 238.

To sustain her burden under § 362(d)(2), "the Supreme Court held that the debtor must show there is a 'reasonable possibility of a successful reorganization within a reasonable time' to satisfy section 362(d)(2)'s 'necessary for an effective reorganization' component." Timmer, 423

8

B.R. at 874 (quoting Timbers, 484 U.S. at 376.)  "More specifically, a debtor must show that its proposed plan of reorganization is feasible and therefore, likely confirmable." Id. See Fenske, 96 B.R. at 247–248.  "The feasibility test contemplates 'the probability of actual performance of provisions of the plan . . . The test is whether things which are to be done after confirmation can be done as a practical matter under the facts.'"  Timmer, 423 B.R. at 874 (citing In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985) (quoting In re Bergman, 585 F.2d 1171, 1179 (2nd Cir. 1978)).

As noted, Chase made no appearance at the final hearing.  The Court finds Chase's motion can be denied on this ground alone for failure to prosecute or waiver of its arguments. See, e.g., NAACP v. A.A. Arms, Inc., 2003 WL 2003797 at *1 (E.D.N.Y. April 11, 2003) ("Objections made in papers by [the objecting party] were overruled for failure to prosecute since counsel for [the objector] was not present to argue them."); In re Charge Trucking, Inc., 236 B.R. 620, 622 (Bankr. E.D. Tex. 1999) ("To the extent [the objecting party] maintains an objection, it is overruled for its failure to appear and prosecute."); In re TransWorld Airlines, Inc., 185 B.R. 302, 311 (Bankr. E.D. Mo. 1995) (overruling objections to confirmation for failure to appear and prosecute); Lee Servicing Co. v. Wolf (In re Wolf), 162 B.R. 98, 104 (Bankr. D.N.J. 1993) (holding that the party in interest waived objection to confirmation by failing to appear at confirmation hearing).

In the "Statement in Connection with Final Hearing", Chase's counsel purported to offer "evidence" that should be received "in lieu of [Chase's] personal appearance."  Chase's counsel claims in the "Statement" that the "evidence" referred to (and described above) was already in the record under the Local Rules.  This Court disagrees.

9

Chase's counsel argued in the "Statement" that all the documents it listed came into evidence by virtue of the interplay between Local Rule 4001 and 9070. In particular, Chase argued that it is relying on its exhibits attached to its Motion for Relief from Stay in compliance with Local Rule 4001-1. The relevant part of the Local Rule 4001-1(b)(4) states:

> Attachment of the documents to the motion shall be considered compliance with Local Rule 9070-1 regarding exchanging exhibits if the movant gives notice in the motion or by way of separate document that the movant is relying upon the documents attached in compliance with Local Rule 9070-1. Failure to object timely to the introduction of the attachments into evidence shall result in their admission pursuant to Local Rule 9070-1. Notwithstanding reliance on the attachment of the documents, movant shall offer separate copies of the attachments, marked as exhibits, at any final hearing on the motion for relief.

Local Rule 9070-1 states that exhibits properly exchanged at least 14 days prior to hearing will be "admitted without further authentication or foundation unless a party wanting to object to the offer serves and files a written objection at least 7 days prior to . . . hearing." Chase argues that because its exhibits were properly served under 4001-1 and notice was given Chase would rely on them at hearing, Debtor's failure to object allowed those documents to enter the record for consideration without any formal offer in person at hearing.

There are two major problems with Chase's analysis, even if its arguments are considered despite its failure to prosecute this matter. First, Chase completely ignores the language in Local Rule 4061-1 that specifically states: "Notwithstanding reliance on the attachment of the documents, movant <u>shall offer</u> separate copies of the attachments, marked as exhibits, <u>at any final hearing</u> on the motion for relief." (emphasis added). The Local Rules thus specifically contemplate live attendance to make such an "offer . . . at any final hearing." The Local Rules nowhere dispense with a need to <u>attend the hearing</u>, or even imply as much.

10

Second, Chase tries to sweep into its offer of "evidence" admitted through operation of the Local Rules numerous documents it did not attach to its Motion for Relief from Stay under Rule 4001-1. The Motion had two exhibits attached – the mortgage and the note. A later filing of "supplemental" material includes email correspondence with counsel who no longer serves on the case – and limited to the subject of whether the property at issue was debtor's personal residence. The "Statement" Chase filed also tried to include Debtor's Amended Plan of Reorganization, an appraisal of Debtor's property from another, different hearing, Debtor's second amended Plan of Reorganization, and Chase's own Motion for Relief from Stay. None of these additional documents can be admitted by operation of Rules 4001-1 and 9070-1 – even read broadly.

Chase appears to believe "judicial notice" can be used somehow to allow these documents to enter evidence without being offered at hearing. Chase does not ask the Court to take judicial notice. Instead, Chase simply states in its prayer for relief that the "Court consider the documentary evidence deemed admitted pursuant to operation of Local Rule 9070-1, and taking judicial notice of the matters of record in this case . . . ."

Judicial notice is not appropriate here. Judicial notice is appropriate only for "adjudicative factors." Fed. R. Evid. 201(a). Such an adjudicative fact must be:

> . . . not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination be resort to sources whose accuracy cannot be reasonably questioned.

Fed. R. Evid. 201(b). A Court is required to take judicial notice only "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Here, Chase has entirely failed to supply the Court with the necessary information to determine the adjudicative facts Chase wants the Court to consider. While a bankruptcy court can

take judicial notice of the fact a document was filed, made part of the record, or that it contains certain assertions, it does not make the document admissible or establish the truth of its assertions. Hon. Barry Russell, *Bankruptcy Evidence Manual*, § 201:5 (citing cases). The truth, credibility, and even admissibility of assertions contained in the documents must be separately established. Id. Here, Chase does not specify which parts of the documents or what adjudicative facts in them it believes the Court should rely upon. The cases are clear that courts should not be requested to scope the records to find and determination the facts a party might want. Mercado-Alicea v. P.R. Tourism, Co., 396 F.3d 46, 50–51 (1st Cir. 2005); United States v. Dunkel, 927 F.2d 955, 945 (7th Cir. 1991) (per curiam); Russell, *Bankruptcy Evidence Manual*, § 201:6 (citing In re Sorci, 315 B.R. 723, 727–28 (Bankr. N.D. Ill. 2004)). It also appears Chase is seeking to have the Court find the contents of the documents it identified to be true and use those facts to rule in its favor. On this record, the Court will take judicial notice here only of the limited fact the documents were filed or otherwise introduced into the Court record.

Even if the Court receives the records Chase lists in its Statement, Case does not meet its burden. The documents do not show a prima facie case of "cause" for relief from stay under § 362(d)(1). They do not make even a prima facie case of lack of adequate protection or any other factor relating to the cause determination.

The documents, standing alone, also do not establish a lack of equity in the property. While there is a mortgage and note, there is no readily apparent information about Debtor's current balance. While Chase has identified an "appraisal" as an exhibit, the Court has only taken judicial notice of its existence not the validity, truthfulness, or credibility of its contents. The Court notes

12

that the appraisal was previously introduced at a hearing where the creditors <u>all</u> argued that Debtor's appraisals substantially <u>undervalued</u> her priorities.

 Even assuming the Court overlooked all of the problems with Chase's attempts to have the Court consider evidence offered by Chase without appearing at the hearing, Chase's motion must still be denied.  Debtor put on sufficient evidence at the hearing to carry the burden she has under § 362(g).  Debtor herself testified she has offered adequate protection, and satisfied her burden of showing no cause for lifting the stay under § 362(d)(1).  Debtor also presented sufficient evidence to show the property was necessary for the reorganization as required by § 362(d)(2)(B).  She testified the property is not her residence and thus, she intends to attempt to modify the mortgage in her reorganization.  She also stated her intention to submit a new amended plan of reorganization – with accompanying disclosure statement – implementing that interest.  She stated her belief that including the property in her reorganization plan would make it more feasible as the property provided valuable access and support to the critical portions of her hog operations.  She offered exhibits supporting both her assertion that the property was not her resistance <u>and</u> that it provided critical access and support to other assets.  Because Chase did not attend to cross-examine, rebut, or object to this evidence, the Court accepts it as credible.  In sum, the Court concludes that Chase's Motion for Relief from Stay fails on the record before the Court.

 The final matter for the Court to address, as noted in the hearing, is how to deal with the failure of Chase's counsel to appear at the hearing.  Counsel was not excused from attending.  There is no provision of the Local Rules allowing counsel to opt out of hearings as counsel see fit.  Counsel for Debtor, who also has his office in Des Moines, took the time and incurred the expense to appear.  This Court has reviewed numerous cases that have imposed sanctions on counsel for

failing to attend hearings. Based on all the above, the Court believes it is appropriate and necessary to hold a hearing in which counsel for Chase is ordered to appear and show cause for failing to attend the June 8, 2011 final hearing on his client's Motion for Relief from Stay. The Court will hold a preliminary telephone hearing on this matter. If necessary, the Court will set a final, in-person, hearing at the conclusion of the preliminary hearing.

**WHEREFORE**, Movant JP Morgan Chase Bank, N.A.'s Motion for Relief from Stay is DENIED.

**FURTHER**, a show cause hearing for counsel for JP Morgan Chase Bank, N.A. to explain to the Court his failure to appear at the June 8, 2011 final hearing on his client's Motion for Relief from Stay is set for

**June 17, 2011 at 11:00 a.m.**

by telephone conference call. COUNSEL FOR JP MORGAN CHASE BANK, N.A. IS TO INITIATE THE TELEPHONE CALL. The telephone number for Judge's chambers is 319-286-2230. NOTE: THIS HEARING WILL BE DIGITALLY RECORDED.

**FURTHER**, if necessary, the Court will set a final, in-person, hearing at the conclusion of the preliminary hearing.

Dated and Entered: June 14, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

14